# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, *et al.*, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 2-20-CV-03850 ) ) |
| v. | ) Judge Petrese B. Tucker ) |
| KATHY BOOCKVAR, *et al.*, | ) ) |
| Defendants. | ) |

**THE REPUBLICAN COMMITTEES'
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Intervenor-Defendants Donald J. Trump for President, Inc., the Republican Party of Pennsylvania, the Republican National Committee, and the National Republican Congressional Committee (collectively, the "Republican Committees"), by and through counsel, file this Answer and Affirmative Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief. Any allegation in the Complaint not explicitly responded to in this Answer is hereby denied.

1. The Republican Committees support free and fair elections for all Pennsylvanians and for all voters across the country. Paragraph 1 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, after reasonable investigation, the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1. As such, these allegations are denied.

2. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 2, and so deny the same. The Republican Committees specifically deny that "without judicial intervention," voters will be disenfranchised, or that there exists a "pattern" of same.

3. Paragraph 3 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, these allegations are denied.

4. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences in Paragraph 4, and so deny the same. The Republican Committees deny the remaining allegations in Paragraph 4.

## PARTIES

5. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and so deny the same.

6. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and so deny the same.

7. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and so deny the same.

8. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and so deny the same.

9. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and so deny the same.

10. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and so deny the same.

11. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and so deny the same.

12. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and so deny the same.

13. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and so deny the same.

14. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and so deny the same.

15. Paragraph 15 is admitted insofar as Kathy Boockvar is the Secretary of the Commonwealth of Pennsylvania. The remaining allegations in Paragraph 15 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

16. Paragraph 16 is admitted insofar as Jessica Mathis is the Secretary of the Commonwealth of Pennsylvania. The remaining allegations in Paragraph 16 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

17. Paragraph 17 is a legal conclusion and/or statement of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

18. Paragraph 18 is admitted insofar as Rich Fitzgerald is the County Executive of Allegheny County. The remaining allegations in Paragraph 18 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

19. Paragraph 19 is admitted insofar as Samuel DeMarco III is an at-large member of the Allegheny County Council. The remaining allegations in Paragraph 19 state legal conclusions

and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

20. Paragraph 20 is admitted insofar as Bethany Hallam is an at-large member of the Allegheny County Council. The remaining allegations in Paragraph 20 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

21. Paragraph 21 is admitted insofar as Diane M. Ellis-Marseglia is the Chair of the Bucks County Board of Commissioners. The remaining allegations in Paragraph 21 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

22. Paragraph 22 is admitted insofar as Gene DiGirolamo is a member of the Bucks County Board of Commissioners. The remaining allegations in Paragraph 22 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

23. Paragraph 23 is admitted insofar as Brian T. McGuffin is a judge on the Court of Common Pleas of Bucks County. The remaining allegations in Paragraph 23 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

24. Paragraph 24 is admitted insofar as Al Schmidt is a Philadelphia City Commissioner. The remaining allegations in Paragraph 24 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

25. Paragraph 25 is admitted insofar as Lisa M. Deeley is a Philadelphia City Commissioner. The remaining allegations in Paragraph 25 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

26. Paragraph 26 is admitted insofar as Omar Sabir is a Philadelphia City Commissioner. The remaining allegations in Paragraph 26 state legal conclusions and/or statements of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

## JURISDICTION AND VENUE

27. Paragraph 27 is a legal conclusion and/or statement of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

28. Paragraph 28 is a legal conclusion and/or statement of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny.

29. Paragraph 29 is a legal conclusion and/or statement of what the law provides to which no response is required. To the extent a response is required, the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and so deny the same.

30. Paragraph 30 is a legal conclusion and/or statement of what the law provides to which no response is required. To the extent a response is required, the Republican Committees deny, and so deny the same.

**FACTUAL BACKGROUND**

31. Paragraph 31 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

32. Paragraph 32 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

33. Paragraph 33 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

34. Paragraph 34 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

35. Paragraph 35 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

36. Paragraph 36 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

37. Paragraph 37 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

38. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and so deny the same.

39. Paragraph 39 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

40. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and so deny the same.

41. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and so deny the same.

42. The Paragraph 42 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny, and so deny the same.

43. Paragraph 43 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

44. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and so deny the same.

45. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and so deny the same.

46. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and so deny the same.

47. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and so deny the same.

48. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and so deny the same.

49. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and so deny the same.

50. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and so deny the same.

51. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and so deny the same.

52. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and so deny the same.

53. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and so deny the same.

54. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and so deny the same.

55. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and so deny the same.

56. Paragraph 56 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required.  To the extent a response is required, the Republican Committees deny.

57. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and so deny the same.

58. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and so deny the same.

59. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and so deny the same.

## COUNT I

60. The Republican Committees reassert and incorporate by reference their answers in the preceding paragraphs.

61. Paragraph 61 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

62. Paragraph 62 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

63. Paragraph 63 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

64. Paragraph 64 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

65. Paragraph 65 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

66. Paragraph 66 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

67. Paragraph 67 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

68. Paragraph 68 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

## COUNT II

69. The Republican Committees reassert and incorporate by reference their answers in the preceding paragraphs.

70. Paragraph 70 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

71. Paragraph 71 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

72. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 72, and so deny the same. The remaining allegation in Paragraph 72 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

73. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and so deny the same.

74. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and so deny the same.

75. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and so deny the same.

76. Paragraph 76 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

77. Paragraph 77 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

## COUNT III

78. The Republican Committees reassert and incorporate by reference their answers in the preceding paragraphs.

79. Paragraph 79 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

80. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and so deny the same.

81. Paragraph 81 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

82. Paragraph 82 is a legal conclusion and/or statement of what the law provides or should provide, to which no response is required. To the extent a response is required, the Republican Committees deny.

WHEREFORE, the Republican Committees respectfully request that this Honorable Court enter judgment in favor of the Defendants and Intervenor-Defendants and against the Plaintiffs, and grant such other and further relief as the Honorable Court deems necessary and appropriate.

## PRAYER FOR RELIEF

a) The Republican Committees deny the allegations in paragraph (a) and deny that Plaintiffs are entitled to the relief requested.

b) The Republican Committees deny the allegations in paragraph (b) and deny that Plaintiffs are entitled to the relief requested.

c) The Republican Committees deny the allegations in paragraph (c) and deny that Plaintiffs are entitled to the relief requested.

d) The Republican Committees deny the allegations in paragraph (d) and deny that Plaintiffs are entitled to the relief requested.

e) The Republican Committees deny the allegations in paragraph (e) and deny that Plaintiffs are entitled to the relief requested.

f) The Republican Committees deny the allegations in paragraph (f) and deny that Plaintiffs are entitled to the relief requested.

g) The Republican Committees deny the allegations in paragraph (g) and deny that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to set forth a claim upon which relief can be granted.

2. Plaintiffs' Complaint sets forth alleged defects in the mail-in ballot voting process, which was created by Act 77. Act 77 has a non-severability clause. *See* Act 77, § 11. To the extent these alleged defects in the mail-in ballot voting process constitute a constitutional violation, Act 77, including those portions of same which establish the mail-in ballot voting process, is void.

3. Plaintiffs' requested relief would have the Court or the Defendants—not the General Assembly—create new laws governing the conduct of elections in Pennsylvania. The power to regulate elections is exclusively a legislative function. U.S. CONST. art. II, § 1, cl. 2; PA. CONST. Art. VII, § 14(a); *Robinson Twp. v. Commonwealth*, 147 A.2d 536, 583 (Pa. 2016); *Agre v. Wolf*, 284 F. Supp. 3d 591, 620 (E.D. Pa. 2018) (Smith, C.J.). Plaintiffs' requested relief would run contrary to the separation of powers and usurp the General Assembly's authority.

4. The Court should abstain from hearing this case in favor of pending litigation in Pennsylvania courts under the *Colorado River* doctrine. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

5. The Court should abstain from hearing this case in favor of pending litigation in Pennsylvania courts under the *Pullman* doctrine. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

6. The Court should abstain from hearing this case in favor of pending litigation in Pennsylvania courts under the *Burford* doctrine. *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

7. The Court should abstain from hearing this case in favor of pending litigation in Pennsylvania courts under the *Brillhart-Wilton* abstention-like doctrine. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

8. Plaintiffs have failed to join indispensable parties to this action, to wit, each of the 67 county boards of elections.

9.      Plaintiffs' claims are barred by the doctrine of laches, insofar as they filed the Complaint on August 7, 2020, less than 3 months before the November 3, 2020 General Election. Plaintiffs request that the Court make sweeping changes to the Pennsylvania Election Code mere days before the General Election.

## PRAYER FOR RELIEF

WHEREFORE, the Republican Committees respectfully request that this Honorable Court enter judgment in favor of the Defendants and Intervenor-Defendants and against the Plaintiffs, and grant such other and further relief as the Honorable Court deems necessary and appropriate.

Dated:  September 1, 2020

Respectfully submitted,

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher (PA #37950)
Ronald L. Hicks, Jr. (PA #49520)
Russell D. Giancola (PA #200058) *
PORTER WRIGHT MORRIS & ARTHUR LLP
6 PPG Place, Third Floor
Pittsburgh, PA 15222 / (412) 235-4500
kgallagher@porterwright.com
rhicks@porterwright.com
rgiancola@porterwright.com

John M. Gore *
E. Stewart Crosland *
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001 / Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com

*Counsel for Proposed Intervenor-Defendants*
*Donald J. Trump for President, Inc.,*
*the Republican Party of Pennsylvania,*
*the Republican National Committee, and*
*the National Republican Congressional Committee*

*Pro hac vice motion forthcoming*